# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>COREAN OMARUS BARNES,<br><br>Petitioner. | No. 54322-2-II<br><br>UNPUBLISHED OPINION |

In this personal restraint petition (PRP), Corean Barnes seeks relief from some of the community custody conditions imposed by the Indeterminate Sentencing Review Board (ISRB) when he was released to community custody in 2017. We hold that his PRP is time-barred under RCW 4.16.130.

## FACTS

On October 6, 2017, the ISRB released Barnes to community custody and imposed certain conditions, including the following:

> C. You must stay out of establishments, such as bars, taverns, casinos, and cocktail lounges, where alcohol is the primary beverage served or where you must be 21 years of age to enter.
> . . . .
>
> E. You must not enter Kitsap County without prior written approval of your CCO [community corrections officer] and the ISRB.
> . . . .
>
> G. You are prohibited from having any contact with [KB][1] whether in person, telephonically, through a third party, by mail or email, or any other means of communication without prior written approval of the ISRB.

---

[1] KB is Barnes's daughter.

Resp. to Pet., Ex. 1, Attach. G at 1.

Barnes appealed conditions E and G, and the ISRB denied the appeal on October 26, 2017.

Barnes filed this petition on January 29, 2020.

ANALYSIS

Barnes argues that the challenged conditions were not crime-related and should be stricken. He also argues that conditions E and G constitute a banishment order and interfere with his constitutional right to parent. However, Barnes did not file this petition until more than two years after the conditions were imposed and upheld.

In *In re Personal Restraint of Heck*, the court held that the two-year "catch all" statute of limitations stated in RCW 4.16.130 for civil cases applied to PRPs challenging prison disciplinary decisions. 14 Wn. App. 2d 335, 340-41, 470 P.3d 539 (2020), *review denied,* 196 Wn.2d 1047 (2021). The court noted that "the standard time bar statute for collateral attacks on judgment, RCW 10.73.090, does not apply as a prison disciplinary proceeding is not a judgment." *Id.* at 340. The court concluded, "Since the petition is an original action established by the Supreme Court, the petition is civil in nature, and no other statute or court rule expressly addresses time limits on filing in this context, we find that RCW 4.16.130 applies." *Id.* at 340-41.

Like prison disciplinary decisions, ISRB decisions do not involve judgments and therefore are not subject to RCW 10.73.090. And PRP challenges to ISRB decisions are civil in nature. *Heck*, 14 Wn. App. 2d at 340-41. Therefore, as in *Heck*, we apply the two-year statute of limitations in RCW 4.16.130 to Barnes's PRP.

Barnes did not file his PRP challenging the ISRB's imposition of the community custody conditions within two years. Therefore, RCW 4.16.130 bars his challenge.

CONCLUSION

We dismiss Barnes's PRP as time-barred.

_____
MAXA, P.J.

We concur:

_____
CRUSER, J.

_____
VELJACIC, J.